IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| Markham Andrew Burke | ) | CASE NO.  06-70923 |
| | ) | |
| DEBTOR | ) | |

## MEMORANDUM DECISION

The matter before the Court is the Debtor's Motion to Reopen and Waive Fee. The Motion came before the Court and was argued by counsel on February 12, 2007.  The Motion was taken under advisement and is now ready for decision.  For the reasons stated below, the Court will grant the Debtor's request to reopen but will deny the request to waive fees.

FINDINGS OF FACT

The Debtor filed a Chapter 7 case on August 20, 2006.  The case was administered and the Chapter 7 Trustee reported the case as a no assets case.  On November 23, 2006, the Clerk of Courts served a Notice of Failure to File Certification of Completion of Course on Personal Financial Management on the Debtor and counsel informing them that the Debtor had not filed a certification of completion of an approved personal financial management course.   The notice stated that the case would be closed in thirty days and pursuant to 11 U.S.C. § 727(a)(11) a discharge would not be granted unless the Debtor filed the required certification.  The notice also stated that should the Debtor not file the required certification, the Debtor could move to reopen his case upon payment of the appropriate fee. The Debtor's case was closed without discharge on December 22, 2006.

-1-

On January 3, 2007, the Debtor filed the subject Motion to Reopen and Waive Fee. The Motion requests that the Court reopen the Debtor's case and waive the applicable filing fee to allow the Debtor to file a certification of completion of an approved personal financial management course. The Debtor's Motion alleges that the he completed the required course on November 27, 2006 and thereafter provided counsel with a copy of the proper certification. The Motion admits that the required certification was not filed prior to the closing of his case and alleges that the Debtor was unaware that counsel failed to file the certification.

At the hearing on February 12, 2007, Debtor's counsel represented that counsel was responsible for failing to file the certification as the Debtor had provided a copy of the certification. Counsel represented that his failure was due to administrative oversight within his office and through no fault of the Debtor. Counsel stated that the Debtor was unaware of this oversight until he received notice that his case had been closed without discharge. Counsel also expressed a willingness to pay the applicable filing fee if the Court chose not to waive the fee.

The above facts stated are not in dispute and the Court accepts them and counsel's representations as true.

## CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. A motion to reopen a closed bankruptcy case is clearly one which relates to the Court's supervision of its own docket and therefore is clearly a "core" bankruptcy matter.

The Debtor's Motion requests that Court reopen his case to allow the Debtor to file a certification evidencing that he completed an approved personal financial management course.

11 U.S.C. §350(b) provides that a case may be reopened "to administer assets, to accord relief to the debtor, or for other cause."  When Debtor's case was closed on December 22, 2006, he was ineligible to receive a discharge because his counsel failed to file a certification of his client's completion of an approved personal financial management course.  *See* 11 U.S.C. § 727(a)(11). Had counsel filed the certification provided by the Debtor, the Debtor would have received a discharge when his case was closed.  If the Debtor's case is now reopened, the Debtor would be eligible for a discharge after filing the required certification.  Based on the above reasons and the Court's findings, the Court concludes that there is cause to reopen the Debtor's case under §350(b).

The Debtor's Motion also requests that the filing fee associated with reopening his case be waived.  The Appendix to 28 U.S.C. § 1930 provides:

> For filing a motion to reopen a Bankruptcy Code case, a fee shall be collected in the same amount as the filing fee prescribed by 28 U.S.C. § 1930(a) for commencing a new case on the date of reopening. The reopening fee should be charged when a case is closed without a discharge being entered. If the motion to reopen is made for a Chapter 7 case, an additional fee of $ 15 shall be paid to the clerk of the court for payment to trustees serving in cases as provided in 11 U.S.C. § 330(b)(2). . .   . . .The reopening fee will not be charged if the reopening is necessary: (1) to permit a party to file a complaint to obtain a determination under Rule 4007(b), or, (2) when a creditor is violating the terms of the discharge under 11 U.S.C. § 524. The court may waive this fee under appropriate circumstances or may defer payment of the fee from trustees pending discovery of additional assets. If payment is deferred, the fee shall be waived if no additional assets are discovered.

28 U.S.C. app §1930 para. 11 (2007).  The filing fee established by 28 U.S.C. § 1930(a) for Chapter 7 cases is currently set at $245.  The additional $15 fee is inapplicable in the present case because the Debtor is reopening his case solely to file a certification of completion of an approved personal financial management course and as such there will not be a trustee appointed.  Thus, unless the filing fee is waived as the Debtor has requested in his motion, the fee to reopen his case

is $245.

The Debtor argues that the applicable $245 fee to reopen his case should be waived pursuant to Rule 4007(b). The Debtor takes the position that his motion to reopen falls under the preview of Rule 4007(b) as he is seeking to reopen his case to file a certification of completing an approved personal financial management course and ultimately have his debts discharged. Rule 4007, however, quite clearly refers to adversary proceedings filed to determine the dischargeability of a debt, which necessarily contemplates that the bankruptcy debtor has obtained a discharge from his debts generally. This Court's Administrative Order No. 18, consistent with the amended language of paragraph no. 11 previously noted, mandates that a debtor who wishes to reopen a case that has been closed without issuance of discharge because the debtor failed to file the required certification can do so "after payment of the appropriate reopening fees." *Order Closing Cases Where Debtor Has Not Attended Required Fin. Mgmt. Training*, Admin. Order No. 18 (Bankr. W.D. Va. Sept. 20, 2005). Additionally, the Administrative Office of the United States Courts issued a directive to bankruptcy clerks' offices advising the clerks' offices that it is mandatory to collect the applicable filing fees when a debtor wishes to reopen a case to file a certification of completing an approved personal financial management course after the case was closed without discharge .

It is true that the Court does retain the discretion under the wording of paragraph 11of the Appendix to "waive this fee under appropriate circumstances". While the circumstances presented here do invite the Court's empathy for the type of event with occurs to all of us at one time or another, it concludes that waiving the fee when by reason of some mistake a bankruptcy debtor or his counsel fails to file in a timely manner the required certificate opens the door wide to repeated requests in similar situations and removes any sanction from the failure of a debtor or

his counsel to perform the obligations incurred by all bankruptcy debtors and their counsel. It further notes that in two similar cases involving other counsel in which certificates were not filed as a result of clerical error, counsel paid the reopening fees as a matter of course and did not seek a waiver from the Court. In summary, the Court does not conclude that such a failure, albeit inadvertent, should be regarded as "appropriate circumstances". The Court acknowledges that $245 is a fairly punitive, even perhaps harsh, sanction for a simple mistake, but it has no power to reduce the fee to an amount which might strike the Court as more reasonable under all of the circumstances presented. It is obliged either to require payment of the fee in full or to waive it when the "appropriate circumstances" are presented. "Appropriate circumstances" may be presented when the failure to file the required certificate is attributable to some cause wholly beyond the reasonable control of the debtor or counsel or in circumstances where the debtor is financially unable to pay the requisite fee.

Based on the above reasons and after conferring with the other judges of this Court as to the particular facts of the motion before the Court, it is constrained, with regret, to deny the request to waive the reopening fee. Because Debtor's counsel has represented that the failure to file the certificate was due to an administrative mixup in his own office and that the Debtor did all that he should have done, such reopening fee is to be paid by counsel personally.

By separate order the Court will grant the Debtor's Motion to reopen his case and deny the application to waive fees. The order shall also provide that counsel for the Debtor pay the applicable fees personally.

-6-

This 15th day of February, 2007.

_____
UNITED STATES BANKRUPTCY JUDGE